# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2019, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean, Supervising
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darren A Shelton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 18, 2019

Court of Appeals Case No.
19A-CR-1865

Appeal from the
Henry Circuit Court

The Honorable
Bob A. Witham

Trial Court Cause No.
33C01-1806-F4-12

**Kirsch, Judge.**

[1] Following his guilty plea to dealing in methamphetamine, Darren A. Shelton was sentenced by the trial court to twenty years imprisonment, the maximum

sentence set forth in the Defendant's plea agreement. Contending that his sentence was inappropriate in light of the nature of his offense and his character, Shelton now appeals.

We affirm.

## Facts and Procedural History

Police initiated a traffic stop of a vehicle in which Shelton was a passenger. At the time, police believed Shelton had been involved in three prior controlled buys for methamphetamine. Police arrested Shelton on a warrant for charges stemming from those buys.

During a search of Shelton incident to his arrest, police discovered 10.8 grams of methamphetamine in his pocket. A search of Shelton's home revealed more methamphetamine and drug paraphernalia. The State charged Shelton with three counts of Level 4 felony dealing in methamphetamine, a Level 2 felony dealing in methamphetamine, a Level 6 felony possession of methamphetamine, a Level 6 felony maintaining a common nuisance, a Level 6 felony possession of a syringe, and a Class C misdemeanor possession of paraphernalia.

Pursuant to a plea agreement with the State, Shelton agreed to plead guilty to the Level 2 felony in exchange for dismissal of all remaining counts. In exchange, the State agreed (1) that it would not file an habitual offender enhancement; (2) that Shelton's sentence would be capped at 20 years, and (3) that Shelton was free to argue for placement in the Recovery While

Incarcerated program. After hearing testimony and arguments, the trial court ordered Shelton to serve 20 years in prison and declined to recommend Recovery While Incarcerated.

[6] Shelton now appeals his sentence.

## Discussion and Decision

[7] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State, 868 N.E.2d 482, 494* (Ind. 2007), *clarified on reh'g 878 N.E.2d 218* (Ind. 2007). The advisory sentence for a Level 2 felony is seventeen and one-half years with a range of ten to thirty years. Ind. Code § 35-50-2-4.5. Shelton's twenty-year sentence is higher than the advisory sentence for his offense.

[8] In determining the appropriateness of a deviation from the advisory sentence, we look to both character of the offender and the nature of the offense. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*.

[9] Shelton's criminal record includes convictions for burglary, aggravated battery, and escape. Each of these offenses involves violence or the high risk of violence and evading the authority of the law.

[10]     Shelton's criminal history is extensive and dates back over twenty years.  It includes many substance-related crimes such as possession of marijuana, possession of paraphernalia, and multiple driving while intoxicated and public intoxication offenses.  These crimes illustrate his character and indicate a preference for illegal conduct over a sober and law-abiding life. Shelton was convicted of trafficking in Kentucky and given a five-year sentence in that state.  After his most recent release from the DOC, Shelton committed the offense in this case and another offense.  When he was sentenced here, Shelton was facing a petition to revoke his probation and a second criminal prosecution.  Shelton has served time in prison, in work release, and probation, and he has violated the terms of each.  Accordingly, we cannot say Shelton's sentence is inappropriate based on his character.

[11]     Nor can we say that Shelton's sentence inappropriate to his offense.  The amount of methamphetamine Shelton possessed in committing this offense falls into the most severe category under the statute.  Shelton's offense was not minimal, excusable, or deserving of a sentence revision.

[12]     Shelton's sentence is not inappropriate based on either his character or the nature of his offense.

[13]     Affirmed.

Bailey, J., and Mathias, J., concur.